Filed 7/18/25  P. v. Lustre CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>BRYAN PEREZ LUSTRE,<br><br>    Defendant and Appellant. | H051612<br>(Monterey County<br> Super. Ct. No. 23CR04290) |

Defendant Bryan Perez Lustre (Perez) appeals from a judgment entered after conviction following a jury trial.  Appointed counsel for Perez filed a brief asking this court to review the record to determine whether there are any arguable issues.  (See *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Perez was advised of the right to file a supplemental brief but has not responded.  Finding no arguable error that would result in a disposition more favorable to Perez, we affirm the judgment.

## I.  FACTS AND PROCEDURAL BACKGROUND

The district attorney charged Perez by information with felony driving under the influence of alcohol (DUI) (Veh. Code,[1] § 23152, subd. (a); count 1);

---

[1] All further unspecified statutory references are to the Vehicle Code.

felony driving with a blood alcohol level of 0.08 percent or higher (§ 23152, subd. (b); count 2); and misdemeanor driving on a license suspended for a prior DUI conviction (§ 14601.2, subd. (a); count 3). On counts 1 and 2, the information alleged enhancements that Perez had incurred three or more DUI convictions within 10 years (§ 23550, subd. (a) (hereafter § 23550(a)) and had driven with a blood alcohol concentration of 0.15 percent or higher (§ 23578).

Prior to trial, Perez told the trial court he wished to represent himself, but withdrew the request before the court ruled on it. A few months later, Perez again requested to represent himself, but withdrew that request prior to the court ruling on it.

Perez's jury trial took place from October 23 through 26, 2023.[2] The trial court bifurcated the trial into two phases: one on the substantive counts and the section 23578 enhancement and one on the section 23350(a) enhancement alleging prior DUI convictions.

At Perez's trial on the substantive counts, the evidence established the following facts:

On May 7, Officer Scott Alameda of the California Highway Patrol (CHP) got off work around 1:00 a.m. As he was driving home in his personal car, he saw an SUV driving without its headlights on and with its left wheels on top of the raised, concrete median. The SUV was traveling about five miles per hour in a 35 mile-per-hour zone. The SUV did not stay in its lane but moved in a "serpentine manner." Alameda began to follow the car.

The SUV made a left turn without stopping through an intersection that had a stop sign. Alameda called CHP and requested a unit to "perform

---

[2] Unless otherwise specified, all dates were in 2023.

[an] enforcement stop." The SUV kept driving and eventually entered the parking lot of a business that appeared to be closed. The SUV came to a stop with a jerk across two parking stalls.

The CHP unit Officer Alameda had requested arrived on scene, but the SUV drove out of the parking lot before the officers had a chance to speak with the driver. Alameda subsequently spoke with the CHP officers and identified the SUV to them. Alameda saw the CHP unit activate its lights and attempt to pull over the SUV. Although the SUV did not initially respond, it eventually pulled over. Alameda then went home.

Jamie Simonian is a CHP officer with training and experience in conducting investigations of drivers who are suspected of being under the influence of alcohol. Officer Jamie Simonian was on patrol on May 7 around 1:45 a.m. with her partner Anthony Simonian. They got a call for service based on Officer Alameda reporting a suspected drunk driver. They located the vehicle Alameda had reported; the SUV was weaving in its lane.

Officer Jamie Simonian conducted a traffic stop of the SUV. Although the SUV did not initially respond to lights, the siren, or a directive to stop, it eventually pulled over. Perez was driving the SUV. His eyes were red and watery; Officer Simonian smelled alcohol coming from the vehicle. Perez told Simonian that Perez did not have a driver's license and that he had not been drinking any alcohol. Simonian's partner administered a breath test for alcohol, and, based on the results, they arrested Perez and took him to jail.

Anthony Simonian is an officer with the CHP who was on patrol with Officer Jamie Simonian on May 7. Officer Anthony Simonian conducted the chemical breath test on Perez approximately 19 minutes after they stopped Perez. After the breath test, Perez spontaneously said that " 'now, [he has] a

3

felony,' " referencing what Perez had been told the last time he had gotten a DUI conviction.

Zinaida Brameier is a senior criminalist with the California Department of Justice. She testified that "definitely everybody" is impaired to drive if their blood alcohol level is .08 percent, and "most people" are impaired to drive if their blood alcohol level is .05 percent. Perez's blood alcohol breath tests administered on May 7 showed his blood alcohol level at .21 and .20 percent. At that blood alcohol level, Brameier's opinion was that Perez could not safely operate a motor vehicle.

At the close of the People's evidence, Perez made a motion for acquittal pursuant to Penal Code section 1118.1, which the trial court denied.

Perez testified in his own defense. Perez testified that the officers violated his Fourth Amendment rights when they "coerced [him] to get out of [his] car." Perez asserted that the officers arrested him without probable cause. Perez stated that, when he was driving home on May 7, he saw someone was following him, which scared him, and that was why he was "speeding, and not doing the proper stops at a stop sign." Perez believed Officer Alameda was a threat to him and was harassing him. Perez asserted Alameda was a "vigilante," who was "practicing guerilla tactics on [him]." Perez stated that everything the officers had testified to at trial was false. Perez stated his driving was not impaired "in any way, whatsoever" on May 7.

After Perez's testimony, the defense rested.

After the jurors had heard all the evidence but before they had been instructed, one juror fell sick and was replaced by an alternate that had been selected by random selection. The jury found Perez guilty on counts 1 and 2 and found the section 23578 enhancement true.

4

Using the same jury, the trial court then presided over the trial on the alleged prior convictions. The People introduced certified documents of Perez's prior convictions. The defense did not present any evidence. The jury found the section 23550(a) enhancement and the prior convictions true.

The trial court dismissed the jury and conducted a court trial on the alleged factors in aggravation. The court took judicial notice of two misdemeanor cases on its calendar in which it was alleged Perez had violated his probation. The court found that Perez had violated his probation based on his conviction of the instant offenses. The court found true the following factors in aggravation: California Rules of Court, rule 4.421(b)(2) (the defendant's prior convictions are of increasing seriousness), rule 4.421(b)(4) (the defendant was on probation when the crime was committed), and rule 4.421(b)(5) (the defendant's prior performance on probation was unsatisfactory).

The trial court sentenced Perez on November 28.[3] Perez refused felony probation. Based on Perez's refusal of probation, the court denied probation. The court imposed two years (the middle term) on count 1 to be served in the county jail pursuant to Penal Code section 1170, subdivision (h) and two years on count 2 (the middle term), which it stayed pursuant to Penal Code section 654. The court imposed 364 days on count 3, to be served concurrently with count 1. The court awarded 131 days of actual custody credits, 130 days of good/work time, for a total of 261 days of custody credits. The court denied mandatory supervision.

The trial court ordered a $1724 fine (§ 23550), a $500 fine (§ 14601.2, subd. (d)(1)), a restitution fund fine of $450 (Pen. Code, § 1202.4, subd. (b))

_____

[3] The trial court also sentenced Perez on two pending misdemeanor probation matters.

5

and imposed and suspended a $450 parole revocation fund fine (Pen. Code, § 1202.45).  The court ordered a $80 court operations assessment (Pen. Code, § 1465.8, subd. (a)(1)) and a $60 court facilities assessment (Gov. Code, § 70373).  Perez timely appealed.

## II.  DISCUSSION

We have reviewed the record under *Wende*, *supra*, 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106.  Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to Perez.  We therefore affirm the judgment.

## III.  DISPOSITION

The judgment is affirmed.

_____
Danner, Acting P. J.

WE CONCUR:




_____
Bromberg, J.




_____
Rodriguez, J.*




**H051612**
*People v. Perez*


&ast; Judge of the San Diego County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.